1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARRELL KRISE,

Defendant.

CASE NO. CR21-5181-BHS

ORDER

This matter is before the Court on defendant Darrell Krise's Motion for Early Termination of Supervision, Dkt. 63.

On May 22, 2023, this Court sentenced Krise to 15 months of custody followed by 5 years of supervised release after he pled guilty to Abusive Sexual Contact, in violation of 18 U.S.C. §§2244(a)(2), 2246(3), and 1153. Dkt. 52. Krise completed his term of custody and began supervised release on April 1, 2024. Dkt. 67 at 1. His supervision is set to terminate on March 31, 2029. *Id.*

Krise moves for early termination of supervision, arguing that he presents no risk of harm to society. Dkt. 63. He asserts that he has incurred no violations while on supervised release, passed all drug tests, and, since his 2020 arrest, has remained

1    committed to staying sober. *Id.* at 3, 5. He also contends that he has been engaged in

2    prosocial activities, including working on his truck, hiking, and playing sports with his

3    children. *Id.* at 9. He emphasizes that his family provides a positive support system. *Id.*

4         The Government opposes Krise's request, arguing that "mere compliance" with

5    the terms of supervision is not enough to merit early termination. Dkt. 68 at 3. It points to

6    the serious nature of the underlying offense, noting that Krise received a custodial

7    sentence well below the sentencing guideline range and significantly shorter term of

8    supervised release than what was available to the Court. *Id.* at 3–4. It also asserts that

9    monitoring Krise's sobriety is the only available means to ensure public safety. *Id.* at 4.

10        Probation also opposes his request. Dkt. 67. It contends that although Krise has

11   "performed well on supervision and is deserving of our commendation," it cannot

12   endorse Krise's request due to the nature of the underlying offense, the absence of

13   supporting conditions to monitor him, and the fact that he has not completed even half of

14   this term of supervised release. *Id.* at 2.

15        The Court commends Krise on his compliance with the terms of supervision and

16   his efforts to build a stable and healthy family life. However, the Court agrees with the

17   Government and Probation that terminating supervision is not warranted at this time.

18   Krise has completed only 20 months of a 60-month term of supervised release, less than

19   half of what the Court ordered. The Court must consider the serious nature of the

20   underlying offense. Krise was sentenced to a custodial term well below the advisory

21   guideline range. Part of the consequence of imposing this more lenient sentence was the

22   ordered period of supervised release to protect the public and deter future misconduct.

1   *See* 18 U.S.C. § 3553 (detailing the factors the Court must consider when imposing,

2   modifying, or terminating a sentence).

3           However, the Court also recognizes that compliance with the conditions of

4   supervised release for an extended period demonstrates rehabilitation and the possibility

5   of early termination provides incentive to defendants to do well on supervision. Krise

6   may renew his motion on August 1, 2027—after forty months of supervised release—

7   provided he remains fully compliant with the terms of his supervision.

8           It is hereby ORDERED that Krise's motion for early termination of supervised

9   release, Dkt. 63, is DENIED.

10          Dated this 8th day of January, 2026.


                                        _____
                                        BENJAMIN H. SETTLE
                                        United States District Judge

ORDER - 3